UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TINA BRUCE, JAYME BRUCE, a minor, by and through her Guardian Ad Litem, Tina Bruce, and JESSICA BRUCE, a minor, by and through her Guardian Ad Litem, Tina Bruce,

    Plaintiffs,

  v.

BOBCAT COMPANY, MELROE COMPANY, INGERSOLL-RAND COMPANY, WILDS HORTICULTURAL SERVICES, INC., SAMUEL WILDS, and Does 1 through 50, inclusive,

    Defendants.

CASE NO. CIV. S-05-01766 WBS KJM

ORDER RE: MOTION
TO AMEND THE COMPLAINT

----oo0oo----

    Plaintiffs, the widow and minor daughters of decedent Jerry Bruce, sued defendants Bobcat Company, Melroe Company, Ingersoll Rand, Samuel Wilds, and Wilds Horticultural Services in the Superior Court of California in and for the County of Shasta. Plaintiffs' claims included allegations of products liability,

1

1  negligence, breach of implied warranty, and negligent infliction
2  of emotional distress.  (Compl. ¶¶ 6-20.)  Based on diversity,
3  defendants removed the case to this court on September 1, 2005,
4  and plaintiffs now seek to amend their complaint to substitute
5  Clark Equipment Company, a subsidiary of defendant Ingersoll
6  Rand, as a defendant pursuant to Federal Rule of Civil Procedure
7  15(a).

8         After responsive pleadings are filed, leave to amend a
9  complaint is "within the sound discretion of the trial court" and
10 "shall be freely given when justice so requires."  Fed. R. Civ.
11 Proc. 15(a); United States v. Webb, 655 F.2d 977, 979 (9th Cir.
12 1981).  Amendment is proper "in the absence of any apparent or
13 declared reason–-such as undue delay, bad faith or dilatory
14 motive on the part of the movant, repeated failure to cure
15 deficiencies by amendments previously allowed, undue prejudice to
16 the opposing party by virtue of allowance of the amendment,
17 futility of amendment, etc. . . . ."  Foman v. Davis, 371 U.S.
18 178, 182 (1962).

19        Defendants have not raised any of the Foman factors in
20 defense of this motion.  In fact, defendants do not oppose
21 plaintiffs' motion. (Defs.' Non-Opp'n to Pls.' Mot. for Leave to
22 Am. Compl. at 1.)  Because Clark Equipment "is a corporation
23 incorporated under the laws of the state of Delaware, with its
24 principal place of business in . . . New Jersey," (Defs.' Notice
25 of Removal ¶ 6), and its role as a defendant in this suit would
26 not destroy diversity, the court finds amendment proper.

27        IT IS THEREFORE ORDERED that plaintiffs' motion to
28 amend the complaint be, and the same hereby is, GRANTED.

1 Plaintiffs shall have twenty (20) days[1] from the date of this
2 Order to file a First Amended Complaint consistent with this
3 Order.
4 DATED:  November 18, 2005

_William B. Shubb_
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] **WBS: I took the 20 day time line from one of your orders in another case.  The proposed amended complaint has already been submitted with the Brickwood declaration (R. 9), but I assumed that a more formal filing needs to take place before the amendments are recognized by the court.**