UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TINA BRUCE, JAYME BRUCE, a minor, by and through her Guardian Ad Litem, Tina Bruce, and JESSICA BRUCE, a minor, by and through her Guardian Ad Litem, Tina Bruce,<br><br>    Plaintiffs,<br><br>  v.<br><br>CLARK EQUIPMENT COMPANY, BOBCAT COMPANY, MELROE COMPANY, INGERSOLL-RAND COMPANY, WILDS HORTICULTURAL SERVICES, INC., SAMUEL WILDS, and Does 1 through 50, inclusive,<br><br>    Defendants. | NO. CIV. S-05-01766 WBS KJM<br><br><u>ORDER FOR JUDGMENT</u> |

----oo0oo----

On March 26, 2007, this court issued an order granting summary judgment on all claims as to defendant Ingersoll-Rand Company ("Ingersoll"). On April 26, 2007, Ingersoll filed with this court a "Proposed Judgment," seeking an entry of judgment based on the March 26, 2007 order.

Rule 54(b) counsels that in actions involving multiple

1

1  claims or multiple parties, district courts "may direct the entry
2  of a final judgment as to one or more but fewer than all of the
3  claims or parties" upon a determination that there was 1) a
4  "final judgment" and 2) there is "no just reason for delay."
5  Fed. R. Civ. P. 54(b); Curtiss-Wright Corp. v. Gen. Elec. Co.,
6  446 U.S. 1, 7-8 (1980); Cont'l Airlines, Inc. v. Goodyear Tire &
7  Rubber Co., 819 F.2d 1519, 1524 (9th Cir. 1987).  A "final
8  judgment" must be a judgment in the sense that it is a decision
9  upon a cognizable claim for relief, and it must be final in the
10 sense that it is an "ultimate disposition of an individual claim
11 in the course of a multiple claims action."  Sears, Roebuck & Co.
12 v. Mackey, 351 U.S. 427, 436 (1956).

13         This case originally involved four claims brought
14 against all defendants: 1) strict liability; 2) negligence; 3)
15 breach of warranty; and 4) negligent infliction of emotional
16 distress.  (Compl.)  The court's March 26, 2007, order granted
17 summary judgment for Ingersoll on plaintiffs' strict liability
18 claim based on its finding that Ingersoll's limited involvement
19 with the manufacturing and marketing of the Bobcat loader was
20 insufficient to impute strict liability.  (March 26, 2007 Order
21 9-11.)  Plaintiffs agreed to the dismissal of the remaining three
22 claims as to Ingersoll.  (See March 26, 2007 Order 10-11, 11
23 n.7.)  Accordingly, the previous order satisfies Rule 54(b)'s
24 finality requirement.

25         In evaluating whether there is any just reason for
26 delay, it is the district court's function to determine the
27 proper time when each final decision is ready for appeal, given
28 judicial administrative interests as well as the equities

involved.  A district court may consider factors such as "whether the claims under review were separable from the others remaining to be adjudicated" as well as "whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." <u>Cont'l Airlines</u>, 819 F.2d at 1524.  "It is left to the sound judicial discretion of the district court" to make this determination.  <u>Id.</u>

     In this case, the court's finding that Ingersoll could not be found strictly liable was based on Ingersoll's lack of significant control over the manufacturing and marketing process for Bobcat loaders.  (March 26, 2007 Order 9-11.)  The factual and legal conclusions underlying that decision are inapplicable to the remaining defendants in the case, as it is undisputed that Clark Equipment Company (and its unincorporated business unit Bobcat Company) <u>are</u> responsible for the manufacture, marketing, and sale of the loaders.  (Thomas Ihringer Decl. in Supp. of Def's Mot. for Summ. J. ¶¶ 2-4,6.)  The matters disposed of by the this court's previous order "were sufficiently severable factually and legally from the remaining matters, and they completely extinguished the liability [for Ingersoll]." <u>Cont'l Airlines</u>, 819 F.2d at 1525.  Thus, there is no risk that an appellate court, hearing an appeal from a judgment issued in Ingersoll's favor based on this court's March 26, 2007, order, would be forced to reconsider that issue.  Accordingly, the court will proceed to order judgment in favor of Ingersoll.

     IT IS THEREFORE ORDERED that judgment for defendant Ingersoll-Rand be entered in accordance with this court's March

1  26, 2007, order.  Ingersoll-Rand may recover its costs and fees
2  as approved by this court upon notice of a motion pursuant to
3  Local Rule 54-292.
4  DATED: May 8, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE