UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TINA BRUCE, JAYME BRUCE, a minor, by and through her Guardian Ad Litem, Tina Bruce, and JESSICA BRUCE, a minor, by and through her Guardian Ad Litem, Tina Bruce,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CLARK EQUIPMENT COMPANY, BOBCAT COMPANY, MELROE COMPANY, INGERSOLL-RAND COMPANY, WILDS HORTICULTURAL SERVICES, INC., SAMUEL WILDS, and Does 1 through 50, inclusive,<br><br>　　　　Defendants. | NO. CIV. S-05-01766 WBS KJM<br><br>ORDER RE: COSTS |

----oo0oo----

　　　　On March 27, 2007, the court granted summary judgment for defendant Ingersoll-Rand Company ("Ingersoll") on all claims. Ingersoll now submits a cost bill totaling $8,804.77.

　　　　Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54-292(f) govern the taxation of costs to losing parties, which are generally subject to limits set under 28

1

1 U.S.C. § 1920.  See 28 U.S.C. § 1920 (enumerating taxable costs);
2 Fed. R. Civ. P. 54(d)(1) ("costs other than attorneys' fees shall
3 be allowed as of course to the prevailing party unless the court
4 otherwise directs . . . ."); L.R. 54-292(f); Crawford Fitting Co.
5 v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (limiting taxable
6 costs to those enumerated in 28 U.S.C. § 1920).

7          The court exercises its discretion in determining
8 whether to allow certain costs.  Amarel v. Connell, 102 F.3d
9 1494, 1523 (9th Cir. 1997) (holding that the district court has
10 discretion to determine what constitutes a taxable cost within
11 the meaning of 28 U.S.C. § 1920); Alflex Corp. v. Underwriters
12 Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (same).  The
13 losing party has the burden of overcoming the presumption in
14 favor of awarding costs to the prevailing party.  See Russian
15 River Watershed Prot. Comm. v. City of Santa Rosa, 142 F.3d 1136,
16 1144 (9th Cir. 1998) (noting that the presumption "may only be
17 overcome by pointing to some impropriety on the part of the
18 prevailing party"); Amarel, 102 F.3d at 1523; see also L.R. 54-
19 292(d) ("If no objection is filed, the Clerk shall proceed to tax
20 and enter costs.").

21          Plaintiffs object to $2,693.43 in costs submitted by
22 defendant Ingersoll, which seek reimbursement for mileage, travel
23 expenses, and meals for Ingersoll's attorney.  While travel and
24 lodging costs for an expert witness are generally considered
25 compensable costs under 28 U.S.C. § 1920, Lovell v. Chandler, 303
26 F.3d 1039, 1058 (9th Cir. 2002), attorney travel and lodging
27 costs are more properly recovered pursuant to a motion for
28 attorney's fees.  Davis v. City and County of San Francisco, 976

1  F.2d 1536, 1556 (9th Cir. 1992), modified in part by Davis v.
2  City and County of San Francisco, 984 F.2d 345 (9th Cir. 1993).
3  Thus these costs are not proper under 28 U.S.C. § 1920, and the
4  court will exclude them.  See Kern v. Levolor Lorentzen, Inc.,
5  899 F.2d 772, 795 (9th Cir. 1990) (citing City Bank of Honolulu
6  v. Rivera Davila, 438 F.2d 1367, 1371 (1st Cir. 1971) (travel
7  expenses not recoverable as costs under 28 USC § 1920)).

8         After reviewing the remaining costs, and in light of
9  the fact that plaintiffs have not objected, the court finds, with
10 the exception of several mathematical errors, all remaining costs
11 to be reasonable.  Specifically: 1) Ingersoll's total for "Other
12 Costs" incorrectly read $2,806.40, whereas the total costs
13 itemized under that category are $2,806.48; and 2) Ingersoll's
14 total for "Fees for service of summons and subpoena" incorrectly
15 read $417.76, whereas the total costs itemized under that
16 category are $417.46.  Thus, Ingersoll's cost request should have
17 totaled $8,804.55, assuming all requested costs were added
18 correctly.  Accordingly, after subtracting the improper request
19 for $2,693.43 in travel and lodging reimbursement, costs of
20 **$6,111.12** will be allowed.

21        IT IS SO ORDERED.
22 DATED:  June 19, 2007

                          _____
                          WILLIAM B. SHUBB
                          UNITED STATES DISTRICT JUDGE