UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TINA BRUCE, JAYME BRUCE, a minor, by and through her Guardian Ad Litem, Tina Bruce, and JESSICA BRUCE, a minor, by and through her Guardian Ad Litem, Tina Bruce,<br><br>    Plaintiffs,<br><br>    v.<br><br>CLARK EQUIPMENT COMPANY, BOBCAT COMPANY, MELROE COMPANY, INGERSOLL-RAND COMPANY, and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>_____/ | NO. CIV. S-05-01766<br>WBS KJM<br><br>PRETRIAL ORDER |

----oo0oo----

A Pretrial Conference was held in this matter, pursuant to the provisions of Rule 16(d) of the Federal Rules of Civil Procedure and Local Rule 16-282, on July 30, 2007.  Gary

1

Brickwood appeared as counsel on behalf of plaintiff; Susan Foe appeared as counsel on behalf of defendant.  After hearing, the court now makes the following findings and orders:

### I.  Jurisdiction-Venue.

The case was removed to Federal Court based on 28 U.S.C. 1441(b) (diversity).  Plaintiffs are residents of this District; Ingersoll Rand is a New Jersey corporation, Clark Equipment Company is a Delaware corporation; and the amount in question is over $75,000.00.  Venue is undisputed and is hereby found to be proper.

### II. Jury-Nonjury.

Plaintiffs have entered a demand for jury trial.  This case will be tried before a jury composed of not less than six members nor more than twelve members. Fed. R. Civ. P. 48.

### III. Jury Instructions

No later than ten court days before the trial date, counsel for plaintiff shall lodge and serve, pursuant to Local Rule 51-163, copies of all jury instructions which plaintiff requests be given.  At that time, counsel for plaintiff shall also file and serve a copy of a proposed form of verdict.

No later than seven court days before the trial date, counsel for defendant shall file and serve any objections to the instructions proposed by plaintiff and shall at the same time lodge and serve, pursuant to Local Rule 51-163, copies of any and all jury instructions not already proposed by plaintiff which defendant requests be given.  At that time, counsel for defendant shall also file and serve a copy of any proposed form of verdict and shall also file any objections to plaintiff's

proposed form of verdict.

No later than four court days before the trial date, counsel for plaintiff shall file and serve any objections to the instructions proposed by defendant and to any proposed form of verdict.

Pursuant to Local Rule 51-163, any other instructions thereafter presented will be refused unless it is shown either (1) that the necessity for the request arose in the course of trial; could not reasonably have been anticipated prior to trial from the pleadings, discovery or nature of the action; and the request for such additional instructions is presented to the Court as promptly as possible; or (2) that the refusal to give such instructions would constitute plain error.

Likewise, any objections to proposed instructions not made in accordance with this order will be overruled as untimely unless it is shown either (1) that the grounds therefor arose in the course of trial and the intention to make such objections is communicated to the Court as promptly as possible, or (2) that the giving of such instructions would constitute plain error.

IV.  Voir Dire Questions.

No later than fourteen days before the trial date, counsel for each party shall submit all proposed jury voir dire questions.

V.   Trial Briefs.

No later than fourteen days before the trial date, counsel for each party shall file trial briefs, which shall include any motions in limine, pursuant to Local Rule 16-285. No later than seven days before trial, the parties may file

3

oppositions, if any, to the motions in limine.

        VI.  <u>Disputed Factual Issues.</u>

        The sole remaining claims for trial are (1) all plaintiffs' wrongful death claim against defendant Clark Equipment Company based upon strict product liability (design defect); (2) all plaintiffs' wrongful death claim against defendant Clark Equipment Company based upon negligence; and (3) the bystander claim of plaintiff Jayme Bruce against defendant Clark Equipment Company based upon negligent infliction of emotional distress.

        With respect to these sole remaining causes of action, and any affirmatively pled defenses thereto, all issues of material fact remain in dispute, and are subject to proof at the time of trial.

        VII. <u>Witnesses.</u>

        (A)  Plaintiff anticipates calling the witnesses identified at Exhibit "A" attached hereto.

        (B)  Defendant anticipates calling the witnesses identified at Exhibit "B" attached hereto.

        (C)  Each party may call any witness designated by any other party.

        (D)  At the election of the party calling the witness, the direct testimony of any witness may be presented by declaration, to be provided to the court and opposing counsel at least 24 hours before the witness is produced for cross-examination.

        (E)  No other witnesses will be permitted to testify at trial unless:

1    (1)  all parties stipulate that the witness may
2 testify;
3    (2)  the party offering the witness demonstrates
4 that the witness is for the purpose of rebutting evidence which
5 could not have been reasonably anticipated at the time of the
6 Pretrial Conference; or
7    (3)  the witness was discovered after the
8 Pretrial Conference.
9    (F)  Testimony of a witness not designated in this
10 Order, which is offered under paragraph VII(E)(3), above, upon
11 the grounds that the witness was discovered after the Pretrial
12 Conference, will not be permitted unless:
13    (1)  the testimony of the witness could not
14 reasonably have been discovered prior to the Pretrial
15 Conference;
16    (2)  the court and opposing counsel were promptly
17 notified upon discovery of the testimony; and
18    (3)  counsel proffered the witness for deposition
19 if time permitted or provided all opposing counsel a reasonable
20 summary of the testimony if time did not permit a deposition.
21   VIII.  <u>Exhibits.</u>
22    (A)  Plaintiff intends to offer the exhibits
23 identified at Exhibit "C" attached hereto.
24    (B)  Defendant anticipates offering the exhibits
25 identified at Exhibit "D" attached hereto.
26    (C)  Each party may offer any exhibit designated by
27 any other party.
28    (D)  No other exhibits will be received in evidence

5

unless:

    (1) all parties stipulate that the exhibit may be received in evidence;

    (2) the party offering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

    (3) the exhibit was discovered after the Pretrial Conference.

    (E) An exhibit not designated in this Order, which is offered under paragraph VIII(D)(3), above, upon the grounds that the exhibit was discovered after the Pretrial Conference, will not be received in evidence unless:

    (1) the exhibit could not reasonably have been discovered prior to the Pretrial Conference;

    (2) the court and opposing counsel were promptly notified upon discovery of the exhibit; and

    (3) counsel provided copies of the exhibit to all opposing counsel if physically possible or made the exhibit reasonably available for inspection by all opposing counsel if copying was not physically possible.

    (F) Each party shall exchange copies of all exhibits identified in this Order, or make them reasonably available for inspection by all other parties, not later than thirty days before the trial date. Any and all objections to such exhibits shall be filed and served not later than fourteen days before the trial date.

    (G) The attorney for each party is directed to appear

1 before trial and present an original (and if physically possible
2 one copy) of each exhibit to Deputy Clerk Karen Kirksey Smith at
3 8:30 a.m. on the date of trial.
4     (H)   Each exhibit which has been designated in this
5 Order and presented on the morning of the date of trial will be
6 marked for identification.  If no objection has been made to
7 such exhibit pursuant to paragraph VIII(F), above, such exhibit
8 will require no further foundation and will be received in
9 evidence upon the motion of any party at trial.
10     IX.   Further Discovery and Motions.
11     No further discovery will be permitted except by the
12 express stipulation of all parties or pursuant to prior court
13 order.  Except for motions in limine, no further motions shall
14 be brought before trial except upon order of the court and for
15 good cause shown.
16     X.   Use of Depositions or Interrogatories.
17     No later than thirty days before the trial date,
18 counsel for each party shall file and serve a statement
19 designating all answers to interrogatories and all portions of
20 depositions intended to be offered or read into evidence, with
21 the exception of portions to be used only for impeachment or
22 rebuttal.  No later than twenty days before the trial date,
23 counsel for any other party may file and serve a counter-
24 designation of other portions of the same depositions intended
25 to be offered or read into evidence and may file evidentiary
26 objections to any other parties' designation.  No later than ten
27 days before the trial date, the parties may file evidentiary
28 objections to any other parties' counter-designation.

1    XI.  Settlement Conference.
2        This case is set for Settlement Conference before the
3 Honorable Morrison C. England, Jr., at 2:00 p.m. on September 6,
4 2007.9/6/07 at 2 p.m.
5        Each party is ordered to have a principal with full
6 settlement authority present at the conference or be fully
7 authorized to settle the matter on any terms.  No later than
8 August 23, 2007, counsel for each party shall deliver to the
9 Settlement Judge a confidential Settlement Conference Statement
10 for review.
11    XII. Date and Length of Trial.
12        This case is set for jury trial at 9:00 a.m. on
13 September 18 , 2007 in Courtroom No. 5.  The court estimates
14 that trial will last approximately 5 to 7 trial days.
15    XIII.  Daubert Procedure
16        Any challenges based on Daubert v. Merrell Dow
17 Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Kumho Tire Co.
18 v. Carmichael, 119 S. Ct. 1167 (1999) will be raised and
19 resolved outside the presence of the jury just prior to when the
20 challenged expert will be called to give testimony.  Any
21 challenged expert shall be present for such a challenge, and
22 shall be available for questioning.
23    XIV. Objections to Pretrial Order.
24        Any objections or suggested modifications to this
25 Pretrial Order shall be filed and served within fifteen days
26 from the date of this Order.  All references herein to the date
27 of this Order shall refer to the date the tentative order is
28 filed and not to the date any amended order is filed.  If no

objections or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

DATED: August 1, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Exhibit "A"

Witnesses:

a. Tina Bruce, Redding
b. Jayme Bruce, Redding
c. Jessica Bruce, Redding
d. Gardner Dockum, Redding
e. Sam Wilds, Saratoga
f. Ray Breshears, Redding
g. Michael Booth, Redding
h. Mark Beldon, Redding
i. Thomas Ihringer, North Dakota
j. Albert Ferrari, Expert, Oakland, California
k. Michael Haynes, Expert, Medford, Oregon
l. Gregory Reiber, M.D., Expert, Redding

1  Exhibit "B"

2  List of Witnesses

3  Tina Bruce Percipient witness
   12833 Encanto Way
4  Redding, CA 96003

5  Jayme Bruce Percipient witness
   Same address
6
   Jessica Bruce Percipient witness
7  Same Address

8  Deputy Coroner Michael L. Booth Percipient witness/non-retained
   expert witness
9  4555 Veterans Lane
   Redding, CA 96001
10
   Chief Deputy Coroner Percipient witness
11 Harry Bishop
   4555 Veterans Lane
12 Redding, CA 96001

13 Teri Veazey Percipient witness
   Shasta County Coroner's Division
14 4555 Veterans Lane,
   Redding, CA 96001
15
   Gregory D. Reiber, M.D. Percipient witness, non-retained expert
16 witness
   Forensic Medical Group, Inc.
17 1860 Pennsylvania Ave., Suite 150
   Fairfield, CA 94533
18
   Robert A. Middleberg, Ph.D. Percipient witness/non-retained
19 expert witness
   National Medical Services
20 3701 Welsh Road
   Willow Grove, PA 19090-0437
21
   Raymond C. Kelly, Ph.D. Percipient witness/non-retained expert
22 witness
   DABFT, Director
23 National Medical Services
   1600 Harbor Bay Parkway
24 Suite 150
   Alameda, CA 94502
25
   Mark Beldon Percipient witness/non-retained expert witness
26 American Medical Response
   4949 Mountain Lakes Blvd.
27 Redding, CA 96003

28 Dan Smith Percipient witness/non-retained expert witness

11

```
 1  American Medical Response
    4949 Mountain Lakes Blvd.
 2  Redding, CA 96003

 3  Virginia Hanson Percipient witness/non-retained expert witness
    American Medical Response
 4  4949 Mountain Lakes Blvd.
    Redding, CA 96003
 5
    Deputy Sheriff Ray Breshears Percipient witness/non-retained
 6  expert witness
    Shasta County Sheriff's Office
 7  1525 Court Street
    Redding, CA 96001
 8
    Gardner Charles Dockum Percipient witness
 9  12823 Encanto Way
    Redding CA 96003
10
    Samuel Wilds Percipient witness/non-retained expert witness
11  P.O. Box 263
    Saratoga, CA 95071
12
    Thomas Ihringer Percipient witness/non-retained expert witness
13  Bobcat Company
    250 East Beaton Drive
14  West Fargo, ND 58078-6000

15  Person Most Knowledgeable Percipient witness
    Top Grade Construction, Inc.
16  324 Earhart Way
    Livermore, CA 94550
17
    Person Most Knowledgeable Percipient witness
18  Re-New Cement Works, Inc.
    980 Ames Avenue
19  Milpitas, CA 95035

20  Person Most Knowledgeable Percipient witness
    Granite Construction Company
21  P.O. Box 50085
    Watsonville, CA 95077
22
    Daryl Harless Percipient witness
23  570 Paynes Creek road
    Red Bluff, CA 96080
24
    Randy Galante Percipient witness
25  Galante Brothers
    291 Barnard Avenue
26  San Jose, CA 95125

27  Alan D. Barbour, Ph.D. Expert witness
    P.O. Box 14084
28  Fresno, CA 93650
```

1  Carman Lynnes Expert witness
   51224 Pelican Point Drive
2  Detroit Lakes, MN 56501
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit "C"

Exhibits - Schedules and Summaries:

1. Photographs of the Bobcat and of the scene of the incident.
2. A photograph of the decedent, Jerry Bruce, before his death.
3. Photographs of the family members illustrating the family's love and companionship with decedent, Jerry Bruce.
4. A summary or chart of the economic loss prepared by expert witness Michael Haynes regarding his calculation of such loss.
5. Photographs and/or illustrations prepared by expert Albert Ferrari regarding the design defect of the Bobcat.

Exhibit "D"

List of Exhibits

Complaint, filed January 19, 2005

First Amended Complaint, filed December 1, 2006

Deposition of Tina Bruce taken October 12, 2006

Deposition of Jayme Bruce taken October 12, 2006

Jayme Bruce's Central Valley High School records

Deposition of Deputy Coroner Michael Booth taken August 29, 2006

Shasta County, Office of the Coroner, Verdict of Death, with attachments including Final Review, Autopsy Report, Toxicology Report, General Information, and Narrative

Income records of Jerry Bruce, 1997 - 2002, produced by plaintiffs on May 16, 2006

Records of funeral and burial expenses, produced by plaintiffs on May 16, 2006

Deposition of Samuel Hugh Wilds, taken May 18, 2006

Deposition of Gardner Charles Dockum, taken July 27, 2006

Deposition of Thomas Ihringer taken February 14, 2007

Deposition of Mark Beldon taken October 12, 2006

Deposition of Deputy Sheriff Ray Breshears taken August 29, 2006

Deposition of Michael Haynes taken June 28, 2007

Deposition of Al Ferrari taken July 24, 2007

Photographs taken by Deputy Coroner Booth on January 19, 2003

Photographs and video of subject Bobcat skid-steer loader taken on May 2, 2006

Serial Number Detail # 562211730

Engineering drawings Nos. 6803925, 6670652, 6706966, 6664881,

6666607, 6710539, 6710751,
6803925,
Complaint for Damages filed January 19, 2005
Bobcat Model 963 "C-Series" skid-steer loader serial # 562211730
(subject loader)
Bobcat Model 963 "C-Series" skid-steer loader (exemplar loader)
Bobcat History Card # 562211730
911337 invoice
963 Operation & Maintenance Manual 6900792 (11-98)
Bobcat Operator's Handbook for Bobcat Skid Steer Loaders
EMI Safety Manual
Bobcat Model 963 skid-steer loader decal set
Bobcat Model 963 skid-steer loader lift arm stop
Alan Barbour's curriculum vitae
Alan Barbour's report
Carman Lynnes' curriculum vitae
Carman Lynnes' report