1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11   TINA BRUCE, JAYME BRUCE, a          NO. CIV. S-05-01766 WBS KJM
     minor, by and through her
12   Guardian Ad Litem, Tina            ORDER RE: MOTION TO REVIEW
     Bruce, and JESSICA BRUCE, a        COSTS
13   minor, by and through her
     Guardian Ad Litem, Tina
14   Bruce,

15              Plaintiffs,

16        v.

17   CLARK EQUIPMENT COMPANY,
     BOBCAT COMPANY, MELROE
18   COMPANY, INGERSOLL-RAND
     COMPANY, WILDS HORTICULTURAL
19   SERVICES, INC., SAMUEL WILDS,
     and Does 1 through 50,
20   inclusive,

21              Defendants.

22                              ----oo0oo----

23        On March 26, 2007, the court granted summary judgment

24   for defendant Ingersoll-Rand Company ("Ingersoll") on all claims,

25   and on May 8, 2007, entered judgment in Ingersoll's favor.  On

26   May 14, 2007, Ingersoll submitted a cost bill totaling $8,804.77.

27   Plaintiffs objected to various travel costs submitted by

28   Ingersoll, and on June 20, 2007, this court ordered that costs of

                                    1

$6,111.12 be allowed.  Plaintiffs now bring a motion to review costs, arguing that the costs awarded should be reduced because a large portion were not related to Ingersoll's motion for summary judgment.

Local Rule 54-292 dictates that within ten days of entry of judgment, the prevailing party may file with the Clerk a bill of costs.  L.R. 54-292(b).  If the losing party wishes to file an objection to certain proposed costs, "they should state specific objections to claimed items with a statement of grounds thereof."  L.R. 54-292(d).  The Clerk then "shall proceed to tax and enter costs."  Id.  The Local Rules provide that, upon a motion filed within five days after the notice of taxing costs has been served, "the action of the Clerk may be reviewed by the Court as provided in Fed. R. Civ. P. 54(d)."  L.R. 54-292(e).

Whenever objections to the cost bill are filed pursuant to L.R. 54-292(d), this court has found in practice that it is unfair to the Clerk, as well as to the parties, to expect her to rule on legal objections.  Accordingly, it has been this court's informal practice under such circumstances to itself undertake a substantive review in the first instance of the cost bill and the objections.  In accordance with that practice, after reviewing Ingersoll's submitted costs, and plaintiffs' objections, the court found that plaintiffs' objections had merit.  See 28 U.S.C. § 1920 (enumerating taxable costs); L.R. 54-292(f); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (limiting taxable costs to those enumerated in 28 U.S.C. § 1920); Fed. R. Civ. P. 54(d)(1) ("costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court

2

otherwise directs . . . ."). Specifically, the court found that $2,693.43 of Ingersoll's cost bill was for non-compensable attorney travel and lodging costs, and thus awarded $6,111.12 to Ingersoll.

In their present motion, plaintiffs state that they were awaiting notice of the entry of costs from the Clerk pursuant to Local Rule 54-292(d) before seeking a review by this court pursuant to Local Rule 54-292(e). Plaintiffs now, for the first time, make entirely new objections to the cost bill, objecting to all deposition, printing, and witness fees (as well as half of the fees of the Clerk, and fees for summons and subpoena), arguing that none of these expenses related to Ingersoll's motion for summary judgment. Plaintiffs now assert that only $474.38 in costs ought to be allowed, which equals half of both the fees of the Clerk and fees for service of summons and subpoena submitted by Ingersoll.

Plaintiffs should not ordinarily be allowed a second bite out of the apple to present an entirely new set objections to those parts of the cost bill which they did not mention in their previous objections filed on May 23, 2007. In Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) the Ninth Circuit noted that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources". See also United States v. Wetlands Water Dist. 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001) (reconsideration is appropriate only when the court is confronted with new evidence, a change in law, or when clear error has been committed). Even if the court had literally

3

followed the procedure outlined in Local Rule 54-292, and the
Clerk had originally ruled on plaintiffs' objections, there would
be no reason for the court to routinely allow the losing party to
make brand new objections when seeking "review" of the clerk's
action under L.R. 54-292(e).

Because plaintiffs' attorney has explained why he was
confused by the Local Rules, notwithstanding his failure to raise
these objections at the proper time, they raise a valid argument
regarding the appropriate allocation of costs to particular
defendants.[1]  It could not seriously be suggested that all of the
costs were incurred by Ingersoll and none by Clark.  Because
Clark did not prevail on its motion for summary judgment it
should not be relieved of the responsibility for paying its share
of the costs.  Allocating the costs between the defendants is
complicated in this case by the fact that both Ingersoll and
Clark were represented by the same attorney.  When questioned by
the court at the hearing on this motion, defendants' counsel was
unable to identify what percentage of the costs requested was
fairly attributable to work done on behalf of Ingersoll and what
percentage was attributable to work done on behalf of Clark.

Since neither party can demonstrate a more appropriate

---

[1]    The court is unpersuaded by plaintiffs' argument that
Ingersoll should not receive any of the costs associated with
discovery.  Although the judgment in favor of Ingersoll resulted
from a motion for summary judgment filed solely by Ingersoll,
Ingersoll was nonetheless required to continue to fully litigate
the matter up until they were dismissed from the case.  The
discovery costs to which plaintiffs now object were related to
preparing the joint motion for summary judgment (filed
concurrently with Ingersoll's motion for summary judgment) filed
by all defendants, including Ingersoll.  Thus, at least some
costs were incurred by Ingersoll and are properly compensable.

distribution, the court will exercise its equitable powers and reduce the award of the disputed discovery costs to Ingersoll by half.  <u>Amarel v. Connell</u>, 102 F.3d 1494, 1523 (9th Cir. 1997) (noting the wide discretion afforded district courts in taxing costs); <u>Alflex Corp. v. Underwriters Labs., Inc.</u>, 914 F.2d 175, 177 (9th Cir. 1990) (same).  If Clark should ultimately prevail after trial, it may the make application to recover its half of the costs; if it does not prevail, it is only fair that Clark bear its own share of the costs.

IT IS THEREFORE ORDERED that the court's June 20, 2007, cost order be, and the same hereby is, VACATED.

IT IS FURTHER ORDERED that costs of **$3,055.56** will be allowed to Ingersoll-Rand Company.

DATED:  August 21, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5